# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE MONTOYA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MURPHY, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00060-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 14) |

Plaintiff Freddie Montoya ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action in the United States District Court for the Southern District of California on January 5, 2018. (ECF No. 1.) This action was transferred to this district on January 12, 2018. (ECF No. 4.) Plaintiff's complaint has not yet been screened.

Currently before the Court is Plaintiff's renewed motion for appointment of counsel, filed May 11, 2018. (ECF No. 14.) Plaintiff claims that he has a disability covered under the Americans with Disabilities Act (ADA), which makes it hard for him to read, write, and/or understand material regarding his case. He requests that the Court provide him with an attorney to follow his case and settle the issues. (Id.)

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on

1

other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research, prosecute claims, and conduct discovery without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not been screened. Thus, the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 14) is DENIED, without prejudice.

IT IS SO ORDERED.

   Dated: __May 15, 2018__            /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE