# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE MONTOYA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MURPHY, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00060-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 16)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Background**

Plaintiff Freddie Montoya ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action in the United States District Court for the Southern District of California on January 5, 2018. (ECF No. 1.) This action was transferred to the Eastern District on January 12, 2018. (ECF No. 4.)

On July 10, 2018, the Court dismissed Plaintiff's complaint with leave to amend within thirty days after service. (ECF No. 16.) Plaintiff was expressly warned that if he failed to file a first amended complaint in compliance with the Court's order, this action would be dismissed for failure to state a claim and failure to obey a court order. (Id. at 6.) The deadline for Plaintiff to

1

file a first amended complaint expired on August 13, 2018, and he has not complied with the Court's order or otherwise communicated with the Court.

## II. Failure to State a Claim

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

///

2

**B.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Health Care Facility in Stockton, California. The events in the complaint are alleged to have occurred in Los Angeles, Stockton and Tehachapi. Plaintiff names the following defendants: (1) Lorrain Murphy, Parole Agent in Los Angeles, California; (2) Correctional Officer Scott, California Health Care Facility, Stockton, California; (3) Correctional Officer Decord, California Health Care Facility, Stockton, California; and (3) Warden, Tehachapi Prison.

In Claim 1, Plaintiff alleges that Parole Agent Murphy failed to proofread the information she entered into her state-owned computer. She reportedly entered a penal code section that did not apply to Plaintiff and which caused him to be stabbed multiple times, leaving him permanently handicapped. According to exhibits attached to the complaint, Plaintiff was stabbed while at California Correctional Institution at Tehachapi.

In Claim 2, Plaintiff alleges that Correctional Officer Decord placed bleach in Plaintiff's prescription eye drop bottle, which could have blinded him.

In Claim 3, Plaintiff alleges that Correctional Officer Scott placed bleach in Plaintiff's prescription eye drop medication bottle.

**C.     Discussion**

**1.     Venue for Claims Arising at the California Health Care Facility**

Plaintiff brings suit against Defendants Scott and Decord for alleged conduct at the California Health Care Facility. This facility is located in Stockton, California, which is in San Joaquin County. Therefore, proper venue for any claims against Defendants Scott or Decord should have been filed in the Sacramento Division of the Eastern District of California. 28 U.S.C. § 1391(b); Local Rule 120. Accordingly, the Court will not screen the claims asserted against Defendants Scott and Decord.

Further, to the extent Plaintiff is attempting to assert unrelated claims against unrelated parties in a single action, he may not do so. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same

3

transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party. Thus, Plaintiff may not bring in one case all claims he has arising from different incidents arising on different dates, involving different defendants at different institutions. Unrelated claims involving multiple defendants belong in different suits. See George, 507 F.3d at 607.

### 2. Federal Rule of Civil Procedure 8

As to Plaintiff's claims against Defendant Murphy and Defendant Warden, those claims fails to comply with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Here, Plaintiff's complaint does not include sufficient factual allegations to state a claim that is plausible on its face as to either Defendant Murphy or Defendant Warden. With respect to Defendant Murphy, the complaint contains no allegations regarding what happened, when it happened, the penal code at issue or any other assertion as to how Defendant Murphy's actions resulted in any harm. With respect to Defendant Warden, Plaintiff's complaint does not include any allegations against him/her to state a claim. Plaintiff must allege what happened, when it happened and who was involved.

///

///

### 3. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

As noted above, Plaintiff fails to assert any factual allegations concerning Defendant Warden. Plaintiff must allege what this individual did or did not do that resulted in a violation of Plaintiff's rights.

Insofar as Plaintiff is attempting to hold Defendant Warden liable based solely on his/her supervisory position, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff may also allege the supervisor "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).

**III. Failure to Prosecute and Failure to Obey a Court Order**

    **A. Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

    **B. Discussion**

Here, the action has been pending since January 2018, and Plaintiff's first amended complaint is overdue. The Court cannot hold this case in abeyance awaiting compliance by Plaintiff. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes

progress in that direction," which is the case here. <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132–33; <u>Henderson</u>, 779 F.2d at 1424. The Court's July 10, 2018 order expressly warned Plaintiff that his failure to comply with that order would result in a dismissal of this action, with prejudice, for failure to obey a court order and failure to state a claim. (ECF No. 16, p. 6.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

## IV. <u>Conclusion and Recommendations</u>

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, for the reasons stated above, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915A, failure to obey the Court's July 10, 2018 order (ECF No. 16), and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 27, 2018**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE